UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MILLAN PEREZ,<br><br>  Petitioner,<br><br>  v.<br><br>CHRISTOPHER CHESTNUT, Warden of California City Detention Center; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States,<br><br>  Respondents. | No. 1:26-cv-00900-KES-SAB (HC)<br><br>ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION<br><br>Doc. 2 |

Before the Court is a motion for temporary restraining order filed by petitioner Carlos Millan Perez, a noncitizen who entered the United States without inspection in 2010 and has resided here since. Doc. 2. The Court has addressed the legal issue raised by the motion for temporary restraining order on previous occasions—that 8 U.S.C. § 1226(a) governs the detention of noncitizens who are present in the United States without admission, contrary to the government's current position that such individuals are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

1

The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *Crispin M. C. v. Noem*, *J.A.C.P. v. Wofford*, and *Lepe v. Andrews* and that would justify denying the motion. Doc. 8. The Court also ordered respondents to state their position on whether the motion should be converted to a motion for preliminary injunction and whether they request a hearing. *Id.* Respondents do not object to converting the motion and do not request a hearing. *See id.*

Respondents argue that this case is factually distinct from *Crispin M. C. v. Noem*, *J.A.C.P. v. Wofford*, and *Lepe v. Andrews* because petitioner was convicted of a misdemeanor for driving under the influence in 2017 and petitioner was taken into custody following an arrest by local police for driving under the influence in 2025. *See* Doc. 10. These circumstances do not affect the analysis set out in *Crispin M. C. v. Noem*, *J.A.C.P. v. Wofford*, and *Lepe v. Andrews* regarding the statute applicable to petitioner. As addressed in those case, 8 U.S.C. § 1226(a) is the statute that applies to noncitizens in petitioner's circumstances.

Section 1226(a) sets out the "default rule" for noncitizens "aliens already in the country pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). It provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General--
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on--
> (A) bond . . .; or
> (B) conditional parole . . . .

8 U.S.C. § 1226(a). While 8 U.S.C. § 1226(c) carves out an exception for aliens who have committed certain criminal offenses, driving under the influence is not one of those criminal offenses. *See* 8 U.S.C. § 1226(c); *see also In Re Lopez-Meza*, 22 I. & N. Dec. 1188, 1194 (BIA 1999) (holding that a simple DUI offense is not a crime involving moral turpitude); *United States v. Sales*, No. 2:13-CR-137-NT, 2014 WL 3405658, at *3 (D. Me. July 11, 2014) ("[A] driving under the influence of alcohol conviction does not constitute an 'aggravated felony' under the

Immigration and Nationality Act." (citing *Leocal v. Ashcroft,* 543 U.S. 1 (2004)).[1] Following state law enforcement's transfer of petitioner to immigration custody, he was entitled to a prompt bond hearing.

As respondents have not identified any pertinent factual or legal distinctions between this case and the Court's prior decisions finding that § 1225(b)(2)(A) does not apply to noncitizens in petitioner's circumstances, the motion for temporary restraining order is converted to a motion for preliminary injunction and is GRANTED.

Respondents are enjoined from continuing to detain petitioner for more than seven (7) days without a bond hearing before an immigration judge pursuant to § 1226(a).

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition for writ of habeas corpus or other appropriate action.[2]

IT IS SO ORDERED.

Dated:   February 11, 2026

UNITED STATES DISTRICT JUDGE

---

[1] Respondents also note that petitioner voluntarily departed the United States on one occasion prior to his most recent entry in 2010, but they fail to identify any relevance of this fact. *See* Doc. 10 at 2; Doc. 10-2 at 3 (noting that U.S. Border Patrol previously granted petitioner voluntary departure to Mexico). The fact that immigration officials permitted petitioner to voluntarily depart on a prior occasion shows that he was not ordered removed, because immigration officials may only grant voluntary departure "in lieu of" initiating removal "proceedings under [8 U.S.C. §] 1229a" or "prior to the completion of such proceedings." 8 U.S.C. § 1229c(a)(1).

[2] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which appears to concern the issue presented here. *See* Doc. 10 at 2. The Court declines to defer ruling on the preliminary injunction given the nature of the relief that petitioner seeks. As the matter is being referred to the assigned magistrate judge, the magistrate judge may consider whether further consideration of the petition should be held in abeyance pending the Ninth Circuit's decision in *Rodriguez*.